Kathleen PIERCE; Matthew Morgan,
Plaintiffs-counter-defendants–
Appellants,

v.

SAN DIEGO UNIFIED PORT DIS-
TRICT, Defendant-counter-
claimant–Appellee.

No. 07–55537.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed April 22, 2009.

**352**

Gregory M. Garrison, Esq., Garrison & McInnis LLP, San Diego, CA, for Plaintiffs-counter-defendants–Appellants.

Ellen Gross Miles, Esq., San Diego Unified Port District, San Diego, CA, for Defendant-counter-claimant–Appellee.

Before: PREGERSON and HALL, Circuit Judges, and EZRA *, District Judge.

## MEMORANDUM **

Because the parties are well aware of the facts of this case, those facts will not be repeated here. Kathleen Pierce ("Pierce") and Matthew Morgan ("Morgan") appeal from the district court's grant of summary judgment in favor of the San Diego Unified Port District (the "Port") on their due process claim and their negligence claim, which stemmed from the seizure and destruction of a vessel known as the Castle. Pierce and Morgan also appeal from the grant of summary judgment in favor of the Port on the Port's counterclaim. We affirm.

This Court reviews a district court's grant of summary judgment de novo. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir.2008) (citing *Aguilera v. Baca*, 510 F.3d 1161, 1165–67 (9th Cir. 2007)).

■ Pierce and Morgan's due process claim fails as a matter of law. Pierce and Morgan have not presented sufficient evidence to create a genuine issue of material fact of whether the former Port Director Don Nay had the authority to allow and authorized the Castle to rest in the location from which it was seized.

■■ In addition, the Port was not required to seek an injunction in order to enforce a violation of Unified Port District Code ("UPD") section 4.35 because UPD section 8.25 was in existence at the time of the seizure of the Castle, and section 8.25 did not require the Port to seek an injunction. Although a report issued by the Port implied that an injunction was the only means of enforcement for section 4.35, the report does not supercede or replace the ordinances that were in effect and applicable at the time of the seizure.

UPD Code 8.25(a)(5) states that California's Harbor and Navigation Code 500 et seq. applies to vessels that are registered with the Department of Motor Vehicles ("DMV"). The Castle was registered with the DMV. However, section 522 of the Harbor and Navigation Code does not apply to the factual circumstances in this case because it pertains only to vessels that have been abandoned and were without a watchman. *See* Cal. Harb. & Nav.

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Code § 522. Likewise, section 526 applies only to abandoned vessels. *See* Cal. Harb. & Nav.Code § 526. The Castle, however, was not impounded for being abandoned, and it had a watchman, James Morgan, who was present during the seizure. Section 504 of the Harbor and Navigation Code, known as the Boaters Lien Law and referred to in sections 522 and 526, does not apply because Pierce and Morgan have not established that this case falls within the ambit of sections 522 or 526 in the first instance.

 Pursuant to UPD section 8.25(a)(4), the Port had the authority to seize and destroy the Castle because it had attempted to locate the registered owner but was unable to do so due to her own negligence in failing to update her address, Pierce and Morgan's designated watchman, James Morgan, was aware of the seizure and was informed via letter that the owner could claim the Castle. Although James Morgan denies receiving this letter, the Port stored the Castle well beyond the thirty days required, and neither Pierce and Morgan nor their watchman made any attempts to obtain the Castle or otherwise contest its impoundment during the approximately six months that it was held.

Pierce and Morgan's negligence claim fails because, as noted by the district court, they cite no statute that imposed a mandatory duty on the Port. Finally, because the impoundment was lawful, the district court did not err in granting the Port's counterclaim and awarding impound related costs.

**AFFIRMED.**